IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEANPIERR SMITH TURCO-SIGUEL,

        Petitioner,

v.                                                                      No. 2:26-cv-00272-SMD-KRS

TOOD LYONS, et al.,

        Respondents

## ORDER TO ANSWER AND ENJOINING TRANSFER OF PETITIONER

        Before the Court is Petitioner Jeanpierr Smith Turco-Siguel's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed on February 4, 2026. Doc. 1. Petitioner is a citizen of Peru and is in Immigration and Customs Enforcement's ("ICE") custody at Otero Processing Center in Chaparral, New Mexico.

        Petitioner entered the United States on January 25, 2023 near Eagle Pass, Texas. *Id.* ¶ 1. An asylum officer then determined that Petitioner had made a positive credible-fear determination and released him on Parole. On February 25, 2025, ICE encountered Petitioner at the Salt Lake County Metro Jail. ICE committed its custody on March 16, 2025. *Id.* ¶ 2. Petitioner then applied for asylum. *Id.* ¶ 3. On June 3, 2025, an immigration judge denied Petitioner's application. *Id.* However, finding that removal to Peru would likely result in persecution, the immigration judge ordered ICE to withhold removal under INA § 241(b)(3). *Id.* Neither party appealed the immigration judge's finding and it became administratively final on June 3, 2025. *Id.*

        Petitioner has remained in ICE's custody since. ICE contends that Petitioner is a significant flight risk, but has failed to remove him. ICE has attempted to remove Petitioner to Guatemala, Honduras, Ecuador, Costa Rica, Colombia, and Mexico. *Id.* ¶ 9. Petitioner alleges that removal

is not reasonably foreseeable and asks to be released with supervision. *Id.* ¶ 5.

Petitioner challenges his continued detention on the basis that his removal is not reasonably foreseeable. The alleged facts are sufficient to survive initial review. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (establishing a six-month presumptively reasonable immigration detention period, after which, "once the [petitioner] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut [th]e showing" that the custody is unconstitutional). "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized." *Id.* at 699. As "the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink." *Id.* at 701. Petitioner has been granted withholding of removal to Peru, the only country where he is a citizen, and has remained in ICE custody for 8 months. Doc. 1 ¶¶ 31–32. Accordingly, the Court will order Respondents to answer the Petition (Doc. 1).

**IT IS THEREFORE ORDERED** that Respondents shall answer the petition no later than February 23, 2026, at 5:00 p.m. and shall show cause as to why the requested relief should not be granted. If petitioner elects to file an optional reply, he must do so within seven of Respondents' answer being filed.

**IT IS FURTHER ORDERED** that the Government is enjoined from transferring from the District of New Mexico while these proceedings remain pending, absent express written authorization from this Court.

_____
**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**